**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

UNITED STATES OF AMERICA

VS.                                                                                          No. 3:22-cr-06-DPM-1

LAWRENCE E. BURNOM

**REPORT AND RECOMMENDATION**

**I.   Procedures for Filing Objections**

This Report and Recommendation has been sent to Chief Judge D.P. Marshall Jr. Parties may file objections if they disagree with the findings or conclusions set out in this Report and Recommendation. To properly object to a finding or recommendation, a party must specifically identify the finding or conclusion believed to be erroneous and explain why the party believes it to be in error.

To be considered, objections must be filed within 14 days. Parties who fail to file objections within the time allowed risk waiving the right to later contest the findings and conclusions set out below.

**II.   Findings of Fact**

On March 6, 2023, Defendant Lawrence E. Burnom appeared with his lawyer, Chris Tarver, to enter a plea of guilty to the offense of Discharge of a Firearm in Furtherance of a Crime of Violence, a violation of Title 18 U.S.C.

Section 924(c)(1)(A)(iii), as charged in Count 2 of the Indictment.[1] Mr. Burnom consented to having a magistrate judge preside over the change-of-plea hearing with the concurrence of his lawyer.[2] Assistant United States Attorney Erin O'Leary, appearing on behalf of the government, also consented.

At the hearing, Mr. Burnom acknowledged having had meaningful conversations with his lawyer about his constitutional rights, the charge against him in the Indictment, the federal sentencing guidelines, the possible penalties he faces, forfeiture of his firearm, and terms of the parties' plea agreement under Fed. R. Crim P. 11(c)(1)(A) and (B).[3] Mr. Burnom affirmed his satisfaction with Mr. Tarver's work on his behalf in this case.

Before entering his guilty plea, Mr. Burnom acknowledged the possible criminal penalties that will result from his guilty plea, specifically: a prison sentence of not less than 10 years, not more than life; a fine of not more than $250,000; a term of supervised release not to exceed five years; a special penalty assessment of $100; and the forfeiture of his firearm. Mr. Burnom acknowledged

---

[1] Chief United States District Judge D.P. Marshall Jr., the presiding district judge in this case, referred this Defendant's change-of-plea hearing to me for a report and recommendation. *Doc. 49*.

[2] *Doc. 55*.

[3] *Docs. 56, 57.*

that the sentence to be imposed is solely Chief Judge Marshall's decision, notwithstanding the parties' plea agreement.

At the hearing, Mr. Burnom expressed his understanding that, by pleading guilty to the Indictment and entering into the plea agreement, he is giving up many of his constitutional and other federally protected rights, including: the right to a trial by jury; the right to remain silent; the right to compel witnesses to testify on his behalf; the right to cross-examine (through counsel) witnesses against him at a trial; and the right to appeal his conviction and sentence under almost all circumstances.

Mr. Burnom confirmed that he is pleading guilty to the crime of Discharge of a Firearm in Furtherance of a Crime of Violence, because he is actually guilty. Specifically, he admitted that, on November 17, 2021, he robbed the Southern Bank of Jonesboro, Arkansas at gunpoint and fired the gun as he was leaving the bank.

Mr. Tarver concurred in Mr. Burnom's decision to plead guilty and stated that, in his opinion, Mr. Burnom is fully competent to enter a guilty plea. He further stated his belief that Mr. Burnom's decision to plead guilty was made voluntarily, with full knowledge of the consequences.

Considering Mr. Burnom's demeanor at the hearing, his responses to my questions, and his admissions in open court, I find him fully competent to enter a

knowing and voluntary plea of guilty. I further find that Mr. Burnom's guilty plea is supported by an independent basis in fact as to each essential element of the offense of Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of Title 18 U.S.C. Section 924(c)(1)(A)(iii).

I find the parties' plea agreement to be a fair resolution to the charges against Mr. Burnom in this case. Mr. Burnom faces a substantial mandatory prison sentence under the terms of the plea agreement; but the government has agreed to dismiss the Bank Robbery charge (Count 1) and the Felon on Possession of a Firearm charge (Count 3).

### III.   Recommendations

Based on the record in this case and all attendant circumstances, I recommend that Chief Judge Marshall accept Mr. Burnom's guilty plea and adjudge Defendant Lawrence E. Burnom guilty of the crime of Discharge of a Firearm in Furtherance of a Crime of Violence in violation of Title 18 U.S.C. Section 924(c)(1)(A)(iii).

I further recommend that Chief Judge Marshall approve the parties' plea agreement as a reasonable, just resolution to the charges against Mr. Burnom in this case. Upon approval of the plea agreement, Counts 1 and 3 of the Indictment as to Defendant Burnom should be dismissed, pursuant to the parties' plea agreement.

DATED this 8th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE